**Certiorari Denied, No. 31,805, July 29, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-096**

**Filing Date:  June 16, 2009**

**Docket No. 28,265**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellant,**

**v.**

**ROBERTO HERNANDEZ,**

       **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**J. Michael Kavanaugh, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**SUTIN, Judge.**

**{1}**     The State appeals from the district court's order of suppression pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), which authorizes state appeals from suppression rulings. At issue is the admissibility of out-of-court statements allegedly made by Defendant Roberto Hernandez, which were heard by Officer J. Saavedra, as well as statements made by Officer Saavedra to others.  We address (1) whether the court erred in excluding the statements as the tainted product of a *Miranda* violation, and (2) whether the statements were otherwise

1

properly excluded because their admission would violate Defendant's right to confrontation. We reverse and remand for further proceedings.

## BACKGROUND

**{2}** Threatening phone calls were made to a residence, and gunshots were fired at the residence multiple times, following which the threatening phone calls would resume. Apparently soon after one of these calls, the police came to the residence, and moments after their arrival, the phone rang. Several occupants of the home recognized the identified phone number as that of Defendant. Officer Saavedra answered the phone and engaged in a brief conversation with the caller. The officer asked "Who's this?" and the caller hung up. Approximately half a minute later, the phone rang again and the officer again answered it. During the course of the conversation, and prior to Officer Saavedra identifying himself as a police officer, the caller apparently made inculpatory remarks, including identifying himself as "Roberto" and the shooter. Edgar Luna was standing near Officer Saavedra and heard some of the caller's statements. Officer Saavedra, contemporaneous to the caller's remarks, made statements to the occupants of the house that purported to relay portions of the telephone conversation. The State asserts that Defendant was the caller, which Defendant denies. At the time of the court proceedings below, Officer Saavedra was deployed to Iraq and unavailable to testify.

**{3}** The district court held a pretrial motions in limine hearing and considered the admissibility of (1) the caller's statements to Officer Saavedra, including those that were apparently overheard by Luna, and (2) Officer Saavedra's statements to the occupants of the house that were made contemporaneous to his conversation with the caller. At the hearing, the court ruled that all of the statements were inadmissible because the caller was not advised of his rights as provided in *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Specific to Officer Saavedra's statements, the court additionally acknowledged that the *Miranda* ruling was "interconnected" to an analysis of Defendant's right to confrontation under *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). The court's resultant written order excludes all of the statements at issue as products of *Miranda* violations. We review the court's suppression order pursuant to a de novo standard of review. *See State v. Cassola*, 2001-NMCA-072, ¶ 2, 130 N.M. 791, 32 P.3d 800 (reviewing the facts under a substantial evidence standard and reviewing the district court's application of the law to those facts de novo).

## DISCUSSION

### The Court Erred in Excluding the Statements Based on *Miranda* Violations

**{4}** Case law provides that a *Miranda* warning is required when the suspect is interrogated and in custody. *State v. Cooper*, 1997-NMSC-058, ¶¶ 33-40, 124 N.M. 277, 949 P.2d 660. In the present case, specifically relating to the custody requirement, the court's order sets forth its finding that the caller "at the time of that phone conversation . . . was not in police custody and was free at any time to get off of the phone."

2

**{5}** We agree with the court's finding, given that the caller voluntarily initiated the phone calls, could have and did terminate the phone calls on his own initiative, and was not in any way restricted in his freedom of movement. *See generally State v. Wilson*, 2007-NMCA-111, ¶ 23, 142 N.M. 737, 169 P.3d 1184 (explaining that, in assessing whether an individual was in custody for *Miranda* purposes, "the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint of freedom of movement of the degree associated with a formal arrest" (internal quotation marks and citation omitted)), *cert. denied*, 2007-NMCERT-008, 142 N.M. 435, 166 P.3d 1089. We consider also that the caller was not questioned about his location during the telephone conversation and that the caller was not told he was speaking to an officer until near the end of the conversation. *See State v. Griffin*, 116 N.M. 689, 698, 866 P.2d 1156, 1165 (1993) (citing with approval the holding that "*Miranda* warnings [are] not required when suspect is unaware he is speaking to law enforcement officer and gives a voluntary statement"). In short, because the caller was not in custody, we hold that the court erred in ruling that the statements were inadmissible based on *Miranda* violations. *See State v. Snell*, 2007-NMCA-113, ¶ 10, 142 N.M. 452, 166 P.3d 1106 (recognizing that *Miranda* warnings are only necessary when a person is in custody at the time of interrogation), *cert. denied by N.M. v. Snell*, 129 S. Ct. 626 (2008).

**Remand Is Necessary Because the Record Is Not
Sufficiently Developed to Assess Whether Admission of the
Statements at Issue Would Violate Defendant's Right to Confrontation**

**{6}** In apparent anticipation that we would reverse the court's *Miranda* ruling, Defendant urges this Court to nonetheless affirm on a "right for any reason" analysis. *See generally State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (stating that an appellate court will affirm a district court's decision if it is right for any reason, as long as it is not unfair to the appellant). In this context, Defendant argues that the order suppressing evidence is affirmable because admission of the statements at issue would violate his Sixth Amendment right to confrontation. *See Crawford*, 541 U.S. at 53-57 (providing that testimonial hearsay must be excluded when the declarant is unavailable and there has been no prior opportunity for cross-examination by the defendant, regardless of whether such statements are deemed reliable by the court); *State v. Ortega*, 2008-NMCA-001, ¶¶ 14-33, 143 N.M. 261, 175 P.3d 929 (filed 2007) (applying *Crawford* in a confrontation-clause analysis). We in turn address the statements allegedly made by Defendant, which were heard by Officer Saavedra, and those statements made by the officer to others during the telephone conversations.

**Defendant's Statements**

**{7}** The State broadly and generally asserts that the statements made by the caller are admissible as those made by Defendant as a party opponent. In the abstract, we agree that party admissions do not present confrontation concerns because *Crawford* applies to testimonial hearsay evidence and because Rule 11-801(D)(2)(a) NMRA provides that admissions by party opponents are not hearsay. *See State v. Henderson*, 2006-NMCA-059,

3

¶ 13, 139 N.M. 595, 136 P.3d 1005; *State v. Castillo-Sanchez*, 1999-NMCA-085, ¶¶ 22-23, 127 N.M. 540, 984 P.2d 787 (applying Rule 11-801(D)(2)(a) and rejecting the defendant's argument that his own statement could violate his right to confront witnesses against him). As a practical matter, however, consideration needs to be given to the vehicle by which the State intends to admit the alleged party admissions. Because Defendant contests admission of the statements and denies being the caller making such statements, presumably he is not the vehicle by which the State would admit the alleged party admissions. This leaves three potential remaining vehicles: Officer Saavedra, Luna, and Officer Saavedra's police report.

**{8}** As for Officer Saavedra, while the caller's statements perhaps could be admitted through the officer's testimony given that he ostensibly heard such statements, due to Officer Saavedra's unavailability this was not an option. His absence problematically deprived Defendant of the safeguard of cross-examining Officer Saavedra. Without this safeguard, it would be patently unfair for the State to simply assert that tendered party admissions were made to Officer Saavedra without providing Defendant the opportunity to cross-examine the officer to test his reliability as the vehicle for admission—for example, questioning Officer Saavedra's credibility, the accuracy of what he allegedly heard, and the circumstances under which the alleged statements were made. *See generally Mathis v. State*, 112 N.M. 744, 748, 819 P.2d 1302, 1306 (1991) (recognizing that the "right of cross-examination is a part of the constitutional right to be confronted with the witnesses against one" (internal quotation marks and citation omitted)). We disagree with the State's assertion that it can simply allege that party admissions were made to Officer Saavedra and admit those alleged statements without making Officer Saavedra available for cross-examination.

**{9}** Without Officer Saavedra as a witness, another potential vehicle by which to admit the alleged party admissions is through the testimony of Luna who apparently overheard the caller make some or all of the statements in question. Unlike Officer Saavedra, presumably Luna is available to testify and thus would be subject to the safeguard of cross-examination. However, as noted, Defendant denies being the caller. In such instance, a remand is necessary for the district court to consider whether the State can make a threshold showing of authentication that Defendant was the caller. *See* Rule 11-104(A) NMRA (providing that preliminary questions concerning the admissibility of evidence shall be determined by the court); *State v. Garcia*, 110 N.M. 419, 425, 796 P.2d 1115, 1121 (Ct. App. 1990) (holding that the identity of the caller is a preliminary question under Rule 11-104(A), (B)). To meet this threshold level of admissibility, the State must present authentication or identification evidence "sufficient to support a finding that the matter in question is what its proponent claims." Rule 11-901(A) NMRA; *State v. Wesson*, 83 N.M. 480, 482, 493 P.2d 965, 967 (Ct. App. 1972) (holding that testimony concerning a telephone conversation that the witness had with the defendant was admissible where the witness testified unequivocally that he recognized the defendant's voice over the telephone). In the event the State makes a threshold showing of authentication, then ultimately the issue of the caller's identity will be a matter for the jury to decide. *See State v. Martinez*, 2007-NMSC-025, ¶¶ 19-20, 141 N.M. 713, 160 P.3d 894 (stating that "[w]hen using Rule 11-104(A) to determine whether evidence is admissible, the trial court need only be satisfied by a preponderance of the evidence that the foundational requirement has been met" and stating that under Rule 11-

104(B), the jury is charged with determining authentication and personal knowledge of the witness).

**{10}** Defendant asserts that the State failed to "adequately preserve any facts regarding . . . Luna's purported testimony" and thus suggests that it would be inappropriate or unfair to remand to allow the State such an opportunity. We disagree. A more accurate characterization of what happened before the district court is that the State was not provided an opportunity to present Luna as a vehicle for admission, despite its request. In this regard, a review of the hearing transcript indicates that the court acknowledged that Luna's testimony "would have to undergo . . . its own foundational requirement for admission" and, in response, the prosecutor stated, "if [the court] want[s] to get into that now or wait until [Luna] comes up to testify . . . [.]" The statement to the court was interrupted at that point by defense counsel. Relevant to this, the prosecutor indicated that Luna would be able to "positively identify . . . Defendant's voice" and that Defendant's number was reflected on the caller identification device.

**{11}** Despite the prosecutor's efforts, however, ultimately the court did not provide the prosecutor with an opportunity to present evidence authenticating Defendant as the caller. Instead, the district court agreed with defense counsel's arguments that the State could not rely on Luna's testimony to "circumvent" the *Miranda* violations and that "if *Miranda* applie[d] to the statements made to the police, this also applie[d] to the statements that are tainted and were heard by other civilians." We lastly note that, in response to the district court's view of *Miranda*, the prosecutor requested a break to "look at the case law and talk to the other officers who were there." And while the court afforded the prosecutor "five minutes" to do so, the break was given to allow the prosecutor to research *Miranda*, and not—as suggested by Defendant—to "secure [the State's] witness[]," referring specifically to Luna. Accordingly, we conclude that it is appropriate on remand for the State to again attempt to admit Defendant's alleged statements through Luna's testimony, assuming that the State can satisfy the authentication foundational requirements as noted earlier in this opinion.

**{12}** Finally, the third potential vehicle by which to admit Defendant's alleged party admissions is through Officer Saavedra's police report, which may refer to some of the statements made by the caller. Although recognized as a potential vehicle below, it is not clear whether the State intends to move to admit the police report. Moreover, because the court relied on *Miranda* to exclude all statements, the court never specifically considered how the report fares under a *Crawford* analysis. For this reason, we remand with instructions that, if on remand the State tenders the police report, the court should consider whether the report constitutes testimonial evidence under a *Crawford* analysis. *See generally State v. Morales*, 2002-NMCA-016, ¶ 18, 131 N.M. 530, 39 P.3d 747 (providing that it is for the district court in the first instance to make the required findings).

**Officer Saavedra's Statements**

**{13}** We next consider whether the statements that Officer Saavedra made to the occupants of the home, while improperly excluded under a *Miranda* analysis, nonetheless would have been properly excluded to protect Defendant's confrontation rights. As noted earlier, while speaking to the caller, Officer Saavedra contemporaneously related to others in the house that the caller was "Roberto," and the officer also indicated that he was speaking to the "shooter of the residence." The State presumably plans to introduce the officer's statements through the testimony of the occupants who heard the officer make such statements. Because Officer Saavedra is unavailable and there has been no prior opportunity for Defendant to cross-examine Officer Saavedra about such statements, *Crawford* provides that the officer's statements, if testimonial, must be excluded. 541 U.S. at 53-54.

**{14}** In addressing whether Officer Saavedra's statements are testimonial, the parties' briefs present differing viewpoints. Defendant maintains that the statements are testimonial because the officer made them to the occupants of the house, which included another officer, in anticipation of using them in a future criminal proceeding. *See generally State v. Romero*, 2006-NMCA-045, ¶ 46, 139 N.M. 386, 133 P.3d 842 (recognizing that statements given under circumstances when the declarant objectively might anticipate their use in a later criminal prosecution are testimonial in nature), *aff'd*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694; *see also State v. Dedman*, 2004-NMSC-037, ¶ 29, 136 N.M. 561, 102 P.3d 628 (recognizing that a core concern underlying confrontation-clause protection is the "involvement of government officers in the production of testimony with an eye toward trial, because this provides a unique potential for prosecutorial abuse" (alteration omitted) (internal quotation marks and citation omitted)). Conversely, the State maintains that Officer Saavedra made his statements to the occupants not with the goal of perpetuating trial testimony, but instead to secure the scene and while he was under the immediate stress of an ongoing emergency. *See generally Ortega*, 2008-NMCA-001, ¶¶ 28-29 (referring to *Davis v. Washington*, 547 U.S. 813, 821-22 (2006), and holding that statements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency).

**{15}** Both parties' respective positions merit further consideration, but we are unable to do so in the absence of an appropriate record to address a *Crawford* analysis. *See Romero*, 2006-NMCA-045, ¶ 66 (providing that whether a statement is an excited utterance or present-sense impression, and thus non-testimonial for purposes of a *Crawford* analysis, requires a fact-specific inquiry). The district court did briefly reference *Crawford* and conclude that Officer Saavedra's statements were testimonial, however, it did so in the context of its ruling that the officer's statements were the tainted result of *Miranda* violations. Because the court's ruling was premised on *Miranda*, the appropriate facts and arguments specific to a *Crawford* analysis are absent from the record. We are unwilling to speculate as to the specific arguments and relevant facts that the parties would have developed below had they not been cut off from doing so based on the court's *Miranda* ruling. *Cf. State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 (holding that under the right-for-any-reason doctrine, "we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the

factual allegations that were raised and considered below" (internal quotation marks and citation omitted)). We accordingly remand with instructions that the district court consider the admissibility of Officer Saavedra's statements in the context of a *Crawford* analysis.

**CONCLUSION**

**{16}** We reverse the district court's ruling that the statements at issue were obtained in violation of *Miranda*. Specific to the statements that the State alleges were made by Defendant, we remand for consideration of whether such statements can be authenticated and admitted through Luna's testimony. As for Defendant's statements that are set forth in the police report, we remand for consideration of the report's admissibility in the context of a *Crawford* analysis. Specific to the statements the State alleges were made by Officer Saavedra, we also remand for consideration of these statements in the context of a *Crawford* analysis.

**{17}    IT IS SO ORDERED.**

                                              _____

                                             **JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Hernandez,* No. 28,265**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-CT | Confrontation |
| CT-SU | Suppression of Evidence |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-ML | Motion in Limine |
| CA-MR | Motion to Suppress |
| CA-MW | Miranda Warnings |