This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 33,488**

**CHARLES LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant has appealed from a conviction for trafficking a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     Defendant renews his challenge to the admissibility of a video recording of a controlled buy. Insofar as this issue was originally presented by reference to our "silent witness" jurisprudence, we originally proposed to affirm on grounds that the State made an adequate foundational showing, *see generally State v. Glen Slaughter & Assocs.*, 1994-NMCA-169, ¶¶ 5-6, 119 N.M. 219, 889 P.2d 254, and on grounds that in the absence of audio content, concerns would not arise under the Confrontation Clause. In his memorandum in opposition Defendant now indicates that there was some audio content. [MIO 1] However, this does not alter our assessment. With respect to the audible content of the recording, we note that "[d]efendant's own statements . . . were non-testimonial and [as such, their admission does] not violate the Confrontation Clause." *State v. Telles*, 2011-NMCA-083, ¶ 19, 150 N.M. 465, 261 P.3d 1097; *see also State v. Hernandez*, 2009-NMCA-096, ¶¶ 7, 16, 147 N.M. 1, 216

P.3d 251 (recognizing that a defendant's own admissions generally do not present Confrontation Clause concerns as long as they are authenticated and admitted through a proper vehicle). To the extent that Defendant and the confidential informant "talked freely with one another without police questioning," we similarly posit that any audible statements by the confidential informant were non-testimonial for Confrontation Clause purposes, notwithstanding the clandestine recording. *Telles*, 2011-NMCA-083, ¶ 20. Nor do hearsay concerns arise. Defendant's own statements would fall within the exception for admissions by a party. *See generally* Rule 11-801(D)(2)(a) NMRA (stating that a party's own admission is admissible non-hearsay); *see also Telles*, 2011-NMCA-083, ¶ 24 (recognizing that a defendant's own statements in recorded conversations implicating himself in criminal conduct were properly admitted under Rule 11-801(D)(2)(a)). Similarly, any recorded statements by the confidential informant would appear to have been admissible to provide context. *See Telles*, 2011-NMCA-083, ¶ 24; *see also* State v. Castillo-Sanchez, 1999-NMCA-085, ¶ 23, 127 N.M. 540, 984 P.2d 787 (recognizing that the other party's statements in a conversation containing an admission by the defendant were admissible since they were necessary to put the defendant's statements in context). As such, we remain unpersuaded that the admission of the recording was erroneous.

3

**{4}** Defendant also renews his challenge to the fundamental fairness of the trial, based on the State's failure to secure the appearance of the confidential informant as a witness. [MIO 2-3] In the notice of proposed summary disposition we suggested that Defendant should have subpoenaed the witness if he wished to ensure her appearance. Defendant asserts that insofar as he lacked a current address, this was not a viable avenue. [MIO 2-3] Assuming this to be true, we remain unpersuaded that the prosecutor violated his or her duty to see that Defendant received a fair trial. Insofar as the State did not require her testimony, the State was under no obligation to call her as a witness, and Defendant had no right to cross-examine her. *See State v. Savage*, 1992-NMCA-126, ¶ 12, 115 N.M. 250, 849 P.2d 1073 (observing that a defendant had no right to cross-examine a confidential informant who did not appear as a witness). Moreover, as we previously observed, Defendant has failed to establish that the State's conduct prejudiced him. *See generally State v. Glasgow,* 2000-NMCA-076, ¶ 14, 129 N.M. 480, 10 P.3d 159 ("[T]he right to a fair trial is not impaired unless the defendant can show prejudice."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**{5}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse and remand for further proceedings.

**{6}** **IT IS SO ORDERED.**

4

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**