This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                           **No. 33,507**

**SERGIO JAMES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Defendant has appealed from a conviction for trafficking a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3} First, Defendant renews his challenge to the admissibility of a video recording of a controlled buy. In the notice of proposed summary disposition, we observed that the State made an adequate foundational showing. *See generally State v. Glen Slaughter & Assocs.*, 1994-NMCA-169, ¶¶ 5-6, 119 N.M. 219, 889 P.2d 254. Defendant does not appear to challenge this aspect of our analysis. However, he continues to argue that his constitutional right to confront and cross-examine the confidential informant was violated. [MIO 8-15]

{4} We previously observed that "[the d]efendant's own [recorded] statements . . . were non-testimonial and [as such, their admission does] not violate the Confrontation Clause." *State v. Telles*, 2011-NMCA-083, ¶ 19, 150 N.M. 465, 261 P.3d 1097; *see State v. Hernandez*, 2009-NMCA-096, ¶¶ 7, 16, 147 N.M. 1, 216 P.3d

2

251 (recognizing that a defendant's own admissions generally do not present Confrontation Clause concerns as long as they are authenticated and admitted through a proper vehicle). To the extent that Defendant and the confidential informant "talked freely with one another without police questioning," we similarly proposed to hold that any audible statements by the confidential informant were non-testimonial for Confrontation Clause purposes, notwithstanding the clandestine recording. *Telles*, 2011-NMCA-083, ¶ 20.

{5} In his memorandum in opposition Defendant clarifies that while he is visible at the beginning of the drug transaction, the image subsequently "shows only the ceiling[,]" until the confidential informant departs. [MIO 5] Relative to the drug transaction, the audio portion of the recording contains only "a one-sided conversation" in the course of which the confidential informant makes statements about "not having plastics and needing ziplocks, not having money and needing to go to the bank." [MIO 5] There was also a significant amount of audio and video interference after the confidential informant left the residence. [MIO 5]

{6} Defendant contends that the confidential informant's recorded "statements and conduct" [MIO 9] should be regarded as testimonial in nature, such that his rights under the Confrontation Clause are implicated. [MIO 8, 10-13] While acknowledging that no comprehensive definition of "testimonial" statements has been articulated,

3

[MIO 10] Defendant argues that insofar as the confidential informant assuredly knew or should have known that his statements and actions, as reflected in the recording, would be used against Defendant in the course of the ensuing criminal prosecution, they should be regarded as testimonial. [MIO 11-12]

{7}     As we previously observed, visual recordings are "not testimonial evidence but a species of real evidence." *Glen Slaughter & Assocs.*, 1994-NMCA-169, ¶ 5. Insofar as the visual portion of the recording is not classifiable as a testimonial statement, we disagree with Defendant's suggestion that the confidential informant's actions implicate his constitutional right to confrontation.

{8}     With respect to the audio portion of the recording, we note that Defendant's argument appears to correlate with the "primary purpose test," by which "a statement can only be testimonial if the declarant made the statement primarily intending to establish some fact with the understanding that the statement may be used in a criminal prosecution." *State v. Navarette*, 2013-NMSC-003, ¶ 8, 294 P.3d 435. It is not at all clear that the recorded statements at issue in this case satisfy the primary purpose test. *See, e.g., Telles*, 2011-NMCA-083, ¶ 20 (holding that where the defendant and a confidential informant "talked freely with one another without police questioning," the audible statements by the confidential informant were non-testimonial for Confrontation Clause purposes, notwithstanding the clandestine

4

recording). For the present purposes we are willing to assume that the confidential informant's statements fall within this category. However, the analysis does not end there. "The Confrontation Clause is violated only if the testimonial statement is offered to prove the truth of the matters asserted." *Navarette*, 2013-NMSC-003, ¶ 12. In this case, the only matters asserted by the confidential informant involved "a football injury, a woman buying him a television, not having plastics and needing ziplocks, not having money and needing to go to the bank." [MIO 5] Clearly, the recording was not offered to prove the truth of any of those assertions. As a result, we remain unpersuaded that the recording is testimonial in nature, such that the Confrontation Clause applies.

{9} Finally, we address the motion to amend, by which Defendant seeks to challenge the sufficiency of the evidence to support his conviction. [MIO 15-19] Such a motion will only be granted if the argument is viable. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007. For the reasons that follow, we conclude that the issue Defendant seeks to raise is not viable. We therefore deny the motion.

{10} When considering a challenge to the sufficiency of the evidence to support a conviction, "we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence

5

in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

{11}     To obtain a conviction, the State was required to prove that Defendant transferred cocaine to another, he knew it was cocaine, and he committed the offense within New Mexico on or about the alleged date. [MIO 16; RP 127] *See* NMSA 1978, § 30-31-20(A)(2) (2006); UJI 14-3110 NMRA. In satisfaction of these requirements, the State presented the recording discussed above, together with the testimony of the narcotics agents who organized the controlled buy and accepted the drugs from the confidential informant at the conclusion of the transaction. [MIO 16-17] The agents' testimony established that the confidential informant was given specific instruction to purchase crack cocaine from Defendant at 817 Edwards Street in Clovis, that the recording device was placed on the confidential informant by the nacrotics agents, and that the confidential informant and his vehicle were searched both before and after the transaction. [MIO 4-5] As previously mentioned, the recording reflects that the confidential informant drove to the location, where he met Defendant in a bedroom and conversed about money, as well as "plastics," and "ziplocks," which the agents correlated with drug packaging. [MIO 4, 6] The recording then reflects that the confidential informant left the residence and drove to meet the agents, to whom he presented a substance which subsequently proved to be cocaine. [MIO 5-6] Succinctly

stated, we conclude that this evidence, together with reasonable inferences drawn therefrom, was sufficient to support the jury's determination that Defendant transferred cocaine to the confidential informant on the date in question, knowing it to be cocaine.

{12}   Defendant contends that the State's evidence should be deemed insufficient in light of the informational gaps caused by audio and visual interference with the recording, as well as the officers' lack of firsthand knowledge about the transaction and the confidential informant's motive and opportunity to falsely incriminate Defendant. [MIO 16-19] We acknowledge the circumstantial nature of the evidence presented below, as well as the fact that a different result might have been reached. However, these countervailing considerations do not render the verdict unsupported. "The finding of facts frequently involves selecting which inferences to draw. The possibility that on similar facts another trial court may have drawn different inferences and found the consent in this case voluntary does not mean that we must reverse here." *State v. Anderson*, 1988-NMCA-033, ¶ 8, 107 N.M. 165, 754 P.2d 542. We are similarly unpersuaded by Defendant's assertion that the evidence "is equally consistent" with a hypothesis of innocence. [MIO 18] *See generally State v. Chandler*, 1995-NMCA-033, ¶ 15, 119 N.M. 727, 895 P.2d 249 (stating that when a criminal defendant urges the equal hypotheses argument, an appellate court's answer is that the

jury, by its verdict, demonstrated that it considered the hypothesis it found to be more reasonable).

{13}  Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{14}  **IT IS SO ORDERED.**


                                      _____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI , Judge**