This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38552**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DONNELL COX,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     Defendant Donnell Cox appeals following the revocation of his conditional discharge and the revocation of his probation, challenging the sufficiency of the evidence to establish the two probation violations at issue in this appeal. In addition, Defendant requests that we remand for resentencing in the event we determine the evidence was insufficient to support the first probation violation but sufficient to support the second. We affirm.

**BACKGROUND**

**{2}**    Defendant pleaded no contest to multiple counts of criminal sexual penetration and received a conditional discharge. Defendant was placed on probation with, among others, a condition prohibiting him from having or using alcoholic beverages. Defendant's probation was transferred to Georgia. Soon after, there was a fire at Defendant's Georgia home, and Defendant was charged with arson. The officer investigating the incident found Defendant to be intoxicated during their interview. In light of these developments, the State filed a petition to revoke Defendant's probation on the grounds that Defendant "violated the laws or ordinances of New Mexico, or any jurisdiction and/or endangered the person or property of another" and "had or used any alcoholic beverages." Because Defendant was eventually acquitted of arson, the State limited its grounds for revocation to the alleged alcohol use.

**{3}**    At an ensuing revocation hearing, Defendant's probation officer, Officer Aida Ramos, testified that during a visit with Defendant following his extradition to New Mexico, Defendant admitted to consuming alcohol on the day of the fire. Based on this testimony, the district court ultimately found that Defendant violated his probation. The court then revoked Defendant's conditional discharge, imposed a term of incarceration, suspended the sentence, and reinstated Defendant on supervised probation. As a term of that probation, Defendant was once again prohibited from having or consuming alcohol.

**{4}**    Less than a month later, the State filed a second petition to revoke Defendant's probation on the grounds that Defendant had again possessed or consumed alcohol on multiple occasions. Defendant's probation officer, Officer Peter Sanders, testified at the ensuing revocation hearing. Officer Sanders stated that in August 2019, Defendant both provided a urine sample, which tested positive for alcohol, and signed an admission to having consumed alcohol. The admission was entered into evidence at the hearing without objection. Officer Sanders further testified that Defendant provided another urine sample a week later, which likewise tested positive for alcohol. Although Defendant did not admit on that occasion to having consumed alcohol, he acknowledged that he had a substance abuse problem. Based on this evidence, the district court found that, on two occasions in August 2019, Defendant violated the condition of his probation prohibiting alcohol use. The court then revoked Defendant's probation, requiring Defendant to serve the previously suspended term of imprisonment.

**{5}**    Defendant separately appealed the district court's first order, finding he violated his probation and revoking his conditional discharge, as well as the district court's second order, finding he violated his probation and revoking his probation. Prior to briefing in these cases, this Court consolidated Defendant's appeals.

**DISCUSSION**

**A.    Standard of Review**

**{6}**    "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-

NMCA-011, ¶ 36, 292 P.3d 493. "To meet this burden, the [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *Id.*; *see also State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (reviewing sufficiency of the evidence to establish a probation violation by a reasonable certainty). Ultimately, we review the district court's decision to revoke probation under an abuse of discretion standard. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321.

## B.    The First Probation Violation

**{7}**    Defendant challenges the sufficiency of the evidence to establish his initial probation violation. The district court based its finding on Officer Ramos' testimony that Defendant admitted to her that he had consumed alcohol, and we limit our analysis accordingly.

**{8}**    This Court has previously held evidence similar to the testimony here sufficient to support the revocation of probation. Namely, in *State v. Sanchez*, a probation officer testified that, in violation of the terms of her probation, the defendant admitted that she had used drugs. 1990-NMCA-017, ¶ 3, 109 N.M. 718, 790 P.2d 515, *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. After determining that the corpus delicti rule did not apply in probation-revocation proceedings, *Sanchez* held that "a trial court may revoke a defendant's probation based on [the] defendant's extrajudicial admission that he or she violated the terms of probation." *Id.* ¶ 10. This Court then concluded that the defendant's admission to her probation officer was sufficient to support the trial court's revocation of probation. *Id.* ¶ 12.

**{9}**    Defendant acknowledges *Sanchez*, but argues for a different result. Defendant reasons that the reliability of Officer Ramos' testimony is unsound, in that her recollection of the date of their conversation was inaccurate and she provided no detail about the conversation apart from Defendant's admission. This amounts to an invitation to reweigh the evidence, which we will not do. "[I]t is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters." *State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that appellate courts defer to the fact-finder on witness credibility and the resolution of conflicts in witness testimony). Thus, we decline to second guess the district court, and we conclude that Officer Ramos' testimony supplies adequate evidentiary support for the district court's first determination that Defendant violated the condition of his probation prohibiting alcohol possession or consumption. *See, e.g.*, *Sanchez*, 1990-NMCA-017, ¶¶ 3, 12 (arriving at a similar conclusion under similar circumstances).

## C.    The Second Probation Violation

**{10}** Defendant also challenges the sufficiency of the evidence to establish his subsequent probation violation. As noted, the district court found that Defendant violated the terms of his probation by consuming alcohol on two occasions in August 2019. Because either of these would be sufficient to support the revocation of Defendant's probation, we limit the scope of our discussion to the first of these violations. *See Leon*, 2013-NMCA-011, ¶ 37 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

**{11}** The State presented as evidence of this violation both Officer Sanders' testimony and Defendant's signed admission that he consumed alcohol. As discussed, such an admission is sufficient to establish a probation violation. *See Sanchez*, 1990-NMCA-017, ¶ 10 ("[A] court may revoke a defendant's probation based on [the] defendant's extrajudicial admission that he or she violated the terms of probation."). While Defendant suggests that his signed admission should have been disregarded because it was not notarized or otherwise "verified," we are aware of no authority that supports this proposition. The case upon which Defendant relies, *State v. Vigil*, 1982-NMCA-058, 97 N.M. 749, 643 P.2d 618, is inapposite. *Vigil* addresses the sufficiency of unsubstantiated hearsay to establish a probation violation. *See id.* ¶ 24; *see also State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 (discussing *Vigil* and observing that it "addresses only whether hearsay evidence was sufficient when no non-hearsay evidence was presented"). Defendant's admission, however, does not constitute hearsay.[1] *See* Rule 11-801(D)(2)(a) NMRA (providing that a statement by a party opponent offered against the party is not hearsay); *accord State v. Smith*, 2001-NMSC-004, ¶ 17, 130 N.M. 117, 19 P.3d 254 ("[A] statement is not hearsay when it is offered against a party and is the party's own statement."). Thus, the district court was free to rely on Defendant's signed admission, and we conclude sufficient evidence supports the district court's second determination that Defendant violated the condition of his probation prohibiting alcohol possession or consumption.

### D.    Defendant's Request for Resentencing

**{12}** Finally, should we deem the evidence of his first probation violation insufficient but the evidence of his second probation violation sufficient, Defendant requests that we remand for resentencing on his second probation violation. Defendant surmises, without the first probation violation, the district court likely would not have revoked his probation and committed him to a term of incarceration for his second probation violation. Because we have concluded that sufficient evidence supports both of Defendant's probation violations, we need not address this argument.

---

[1]Further, Officer Sanders' testimony about the circumstances under which Defendant signed the admission was sufficient to authenticate the document. *See* Rule 11-901(A) NMRA ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); *cf. State v. Hernandez*, 2009-NMCA-096, ¶¶ 7-8, 147 N.M. 1, 216 P.3d 251 (indicating that a defendant's statements could have been admitted through the testimony of the officer to whom the statements were made).

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm.

**{14}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**