This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40408**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROBERT SERRANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM

for Appellee

Law Office of Barry Klopfer, P.C.
Barry Klopfer
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     Defendant appeals his conviction for two counts of criminal sexual penetration of a minor (CSPM). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition that raises issues not contained in the docketing statement, which we construe as a motion to amend the docketing statement, and deny. Having duly considered Defendant's memorandum, we remain unpersuaded that Defendant has shown error and we therefore affirm.

**{2}** Our calendar notice recognized that Defendant had raised two issues in his docketing statement: (1) the district court abused its discretion in admitting Facebook messages as evidence at trial; and (2) there was insufficient evidence to support his convictions. [CN 3, 5] Defendant's memorandum in opposition contains nothing responsive to our notice of proposed disposition regarding the sufficiency of the evidence supporting his conviction. We therefore deem that issue abandoned. *See generally State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a memorandum in opposition does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

**{3}** In his memorandum in opposition, Defendant maintains that the Facebook messages entered into evidence were not sufficiently authenticated. [MIO 4] We review evidentiary matters for an abuse of discretion. *State v. Jesenya O.*, 2022-NMSC-014, ¶ 10, 514 P.3d 445. "[T]he authentication of social media evidence is governed by the traditional standard set out in Rule 11-901 [NMRA], which requires the proponent to offer evidence sufficient to support a finding that the evidence is what the proponent claims it is." *Jesenya O.*, 2022-NMSC-014, ¶ 18. Authentication may be accomplished using evidence of "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *State v. Jackson*, 2018-NMCA-066, ¶ 13, 429 P.3d 674 (quoting Rule 11-901(B)(4)). Once this threshold showing of admissibility is met, it is for the jury to determine the weight of the evidence, including the identity of a message's author. *See Jesenya O.*, 2022-NMSC-014, ¶ 18 (stating that "arguments contesting authorship go to the weight of the evidence, not its admissibility"); *cf. State v. Hernandez*, 2009-NMCA-096, ¶ 9, 147 N.M. 1, 216 P.3d 251 ("In the event the [s]tate makes a threshold showing of authentication, then ultimately the issue of the caller's identity will be a matter for the jury to decide.").

**{4}** In his memorandum in opposition, Defendant continues to argue, as he did in the docketing statement, that the Facebook messages in this case were not properly authenticated because of testimony indicating that it was possible someone other than Victim could have used the accounts attributed to Victim and that there was no way to confirm the identity of each individual who wrote the messages attributed to Victim and Defendant. [MIO 6-7] According to the docketing statement and the memorandum in opposition, law enforcement executed a search warrant for the messages attributable to Victim's accounts and received a certificate of authenticity directly from Facebook. [MIO 6] These facts indicate that, under *Jesenya O.*, the State met the foundational requirements with regard to the Facebook messages. *See* 2022-NMSC-014, ¶ 15 (adopting the traditional authentication standard of Rule 11-901, but noting that even if applying heightened scrutiny to social media content, it would be sufficient to "obtain information directly from the social networking website" linking "the establishment of the profile to the person who allegedly created it"); Rule 11-901(B)(4). Furthermore, a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M.

754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore conclude Defendant has not demonstrated that the district court abused its discretion by admitting the Facebook messages.

{5}	Next, to the extent the memorandum raises a new issue regarding his sentence, we construe the memorandum as a motion to amend the docketing statement. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.3d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. The new issue Defendant raises— apparently for the first time on appeal—is that his sentence of 36 years constitutes cruel and unusual punishment. [MIO 7] In light of the serious nature of the crimes in this case, we are not convinced that this is a viable claim. *See State v. Ira*, 2002-NMCA-037, ¶ 18, 132 N.M. 8, 43 P.3d 359 (noting that cruel and unusual sentence must be so disproportionate to crime that it shocks the conscience); *State v. Trujillo*, 2002-NMSC-005, ¶¶ 64-65, 131 N.M. 709, 42 P.3d 814 (reviewing unpreserved claim that sentence constituted cruel and unusual punishment for fundamental error, and affirming the defendant's thirty year sentence because it did not "shock the general conscience"); *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313 ("Here, nothing indicates that [the] defendant's sentence was statutorily improper; a statutorily lawful sentence does not constitute cruel and unusual punishment."); *cf. State v. Perez*, 2002-NMCA-040, ¶ 40, 132 N.M. 84, 44 P.3d 530 (concluding that forty-seven-and-a-half year sentence for five counts of accessory to CSP was a legal sentence that did not shock the conscience or constitute cruel and unusual punishment). Accordingly, we deny the motion to amend. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that if the issue which the defendant seeks to add to the docketing statement is not viable, the motion to amend will be denied).

{6}	Furthermore, to the extent Defendant's memorandum in opposition lists the contested exhibits and simply states they were irrelevant under Rule 11-401 NMRA and unfairly prejudicial under Rule 11-403 NMRA, Defendant has not developed his argument adequately for this Court to identify any error. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be"); *see also State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). As such, Defendant has failed to present a viable issue that would warrant granting a motion to amend the docketing statement. *See Ibarra*, 1993-NMCA-040, ¶ 13.

{7}	For the reasons stated in our notice of proposed disposition and herein, we affirm.

{8}	**IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**